UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-205 (SRN/SER)

United States of America,

           v.           Plaintiff,

Jeffrey Scott Evans,

           Defendant.

**ORDER OVERRULING DEFENDANT'S OBJECTION TO DETENTION ORDER**

Kevin S. Ueland, Assistant United States Attorneys, 300 South Fourth Street, Room 600, Minneapolis, MN 55415, counsel for Plaintiff.

Frederick J. Goetz, Goetz & Eckland, 43 Main Street SE, #505, Minneapolis, MN 55414, counsel for Defendant.

## I. INTRODUCTION

This matter was before the Court on July 21, 2015, for a hearing on Defendant's Objection to the Order of Detention [Doc. No. 8]. The defendant was present and represented by Frederic J. Goetz. The government was represented by Kevin S. Ueland, Assistant United States Attorney. On June 26, 2015, a preliminary hearing and a hearing on the government's motion for detention was held before Magistrate Judge Jeffrey J. Keyes. Special Agent Katherine Wespetal testified at the hearing. After hearing testimony and considering the parties' arguments, Magistrate Judge Keyes ordered the defendant detained pending trial. Magistrate Judge Keyes issued a written detention order on June 29, 2015. [Doc. No. 7]. On July 2, 2015, the defendant filed his Objection

to the Order of Detention. For the reasons stated below, the Court overrules the defendant's objections and orders that the defendant remain in custody pending trial.

## II. DISCUSSION[1]

On June 12, 2015, an agent with Homeland Security Investigations conducted an undercover investigation at the website chathour.com. This website is a social website where individuals create profiles, post pictures and other content, and can communicate with other users through messages or in chat rooms. The undercover officer was using an account that had a username that suggested that the user was interested in older men. The defendant was using the username, "taboolooking," and sent the undercover a message that said, "hello how r u today." The undercover replied, "good. Asl? 13f here." ASL is shorthand for "age, sex, location" and "13f" was intended to convey that the undercover was a 13 year-old female. The defendant told the undercover that he was a 44 year-old male who lived in Tennessee. Thereafter, the defendant quickly turned the conversation toward a possible sexual rendezvous. The defendant told the undercover officer, "I'm very good with my hands and mouth." The defendant also supplied the undercover officer with the e-mail address scottevans90@yahoo.com so that they could exchange messages.

---

[1] The factual record that the Court has considered is comprised of the transcript of the proceedings before Magistrate Judge Keyes on June 26, 2015, the defendant's Objection to Detention Order, the government's Response in Opposition to Defendant's Objection to Order of Detention, seven exhibits submitted by the defendant in support of his opposition [Doc. Nos. 22 – 28], and the screen captures from the defendant's initial chat with the undercover officer in this case that was offered at the hearing on July 21, 2015, by the government.

2

Later that same day, the defendant sent an e-mail from the scottevans90@yahoo.com account that contained a confirmation for a booking at the Northwood Inn & Suites in Bloomington, Minnesota, stating that he would be checking in on Monday, June 22, 2015. Approximately one hour later, the defendant sent another e-mail from the scottevans90 account that said, "I want to have sex with u I want to use my hands and mouth on your body." Over the next several days, the defendant continued to send the undercover e-mail from the scottevans90 account. These e-mails discussed the upcoming trip to Minnesota, and the defendant's desire to have sex with the undercover. The defendant was very graphic in describing his intentions. For example on June 13, 2015, he wrote, "I'm going to play with ur pussy and rub ur clit, really going to get between ur legs and lick ur clot (sic) with my tongue, stuck my tongue in your pussy tongue fuck u make u cum n my mouth." The defendant also sent the undercover photos of various sex toys and lingerie that he purchased for her. Several times during the time the defendant and undercover were exchanging messages, the conversation focused on the undercover's age. The defendant repeatedly reassured the undercover that the fact that the undercover was 13 years-old was not a problem, and said that it was a "turn-on" for him.

In addition to sending the undercover pictures of the sex toys that he had purchased for her, on June 17, the defendant sent the undercover a picture of his erect penis with the message, "Hey babe this belongs to only u." The next day, the defendant sent the undercover another picture of his erect penis with the message, "Hope u like."

3

On June 19, 2015, the defendant told the undercover that he was planning on bringing his digital camera with him.

The day before the defendant left Tennessee for Minnesota, he sent the undercover a message that he was going to bring illegal drugs with him. The undercover officer encouraged the defendant to send updates with his location so that "she" could see the defendant's progress. The defendant agreed, and in fact, throughout the day on June 22, 2015, the defendant did send the undercover updates with his current location.

The defendant arrived at the Northwood Inn & Suites on June 22, 2015, at approximately 5:25 pm. The defendant sent the undercover a message indicating that he wanted to get the hotel room ready. The undercover sent the defendant a message saying that he should pick her up at a nearby retail store. When the defendant left his hotel room, law enforcement officers who had been conducting surveillance at the Northwood Inn & Suites arrested him. A search warrant was executed on the defendant's room and vehicle. In the room, law enforcement found that the defendant had lit numerous candles and had laid out the lingerie and sex toys that he had purchased. Law enforcement also found marijuana, prescription pills, and a small amount of crack cocaine. In the defendant's vehicle, law enforcement found a loaded .38 caliber pistol. The defendant was interviewed by law enforcement and admitted that he had traveled from Tennessee to Minnesota with the intent to engage in illicit sexual conduct with what he believed was a 13 year-old girl.

### A. Legal Standards

This Court reviews *de novo* the factual findings and legal conclusions contained in Magistrate Judge Keyes' detention order. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985). Under 18 U.S.C. §§ 3142(e) and (f), pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Pursuant to 18 U.S.C. § 3142(e)(3)(E), there is a presumption in favor of detention because the offense involves a minor victim. Thus, the defendant "bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence he does not pose a danger to the community or risk of flight." *Abad*, 350 F.3d at 797.

### B. Defendant's Objection to Detention Order

The defendant in this case attempts to rebut the presumption in favor of detention by pointing to his lack of criminal history, and to the letters of support that were submitted to the Court. The Court finds that the defendant has failed to rebut the presumption in favor of detention. While the Court notes that the defendant does not have any criminal history, this fact alone is insufficient to rebut the presumption. The letters of support also fail to rebut the presumption. While the letter writers express their affection and support for the defendant, only one of the letter writers currently resides with the defendant, and none of the letter writers knew about the actions that the

5

defendant is alleged to have engaged in here. While the Court does not dispute that the letter writers' support is genuine, it does not rebut the presumption in this case.

The Court finds that even if it were to determine that the defendant had met his burden of production in rebutting the presumption in favor of detention, it would still find that the defendant should be detained. The offense in this case is unquestionably serious. The defendant engaged in a calculated offense that took place over a period of several weeks and culminated in him driving 15 hours from Tennessee to Minnesota in order to have sex with what he believed to be a 13 year-old girl. The defendant sent graphic sexual messages to what he believed was a 13 year-old girl, including photos of sex toys that he purchased for her, and photos of his erect penis. In addition, the defendant brought illegal drugs with him to Minnesota as well as a loaded .38 caliber pistol. The Court has serious concerns about the nature of this offense, and finds that the defendant is clearly a danger to the community. The Court finds that the government has satisfied its burden in showing by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably ensure the safety of the community.

The Court also finds that the government has met its burden in showing by a preponderance of the evidence that there are no conditions or combination of conditions that will reasonably ensure the defendant's appearance in court. The defendant has no ties to Minnesota whatsoever. Furthermore, the defendant faces a significant prison sentence if he is convicted. In short, the Court is concerned that the defendant will not appear in court if released.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendant's Objection to the Detention Order is **OVERRULED**. The defendant is remanded to the custody of the United States Marshals in accordance with Magistrate Judge Keyes' order of June 29, 2015.

Dated: July 23, 2015                           s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Court Judge